UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marlene Fearing; Progressive Real Estate, Inc.;
Marlene Hall; and Larry Hall,

      Plaintiffs,

v.

Lake St. Croix Villas Homeowner's Association;
Mary Parr; Robert Swenson; Arlene Swenson;
Gary DeMott, personally and as President and
Director of Homeowner's Association; Judy
DeMott; Tony Thooft, personally and as Director
of Homeowner's Association; Bobbie Carrey;
Marco Ironi; Aaron Schwinn; Heather Schwinn;
Brian Williams, personally and as Director of
Homeowner's Association; Terry Williams; Jon
Erik Kingstad, Esq.; David T. Magnuson, Esq.;
City of Lake St. Croix Beach; and Washington
County District Court,

      Defendants.

Civ. No. 06-456 (JNE/JJG)
ORDER

---

Marlene Fearing appeared pro se.

Progressive Real Estate, Inc., did not appear.

Marlene Hall did not appear.

Larry Hall appeared pro se.

Jon Erik Kingstad, Esq., Kingstad Law Office, appeared for Defendants Lake St. Croix Villas Homeowner's Association; Mary Parr; Robert Swenson; Arlene Swenson; Gary DeMott; Judy DeMott; Tony Thooft; Bobbie Carrey; Marco Ironi; Aaron Schwinn; Heather Schwinn; Brian Williams; Terry Williams; Jon Erik Kingstad, Esq.; and David T. Magnuson, Esq.

Jon K. Iverson, Esq., Iverson Reuvers, appeared for Defendants City of Lake St. Croix Beach; Mary Parr, in her official capacity; and Robert Swenson, in his official capacity.

John S. Garry, Esq., Office of the Minnesota Attorney General, appeared for Defendant Washington County District Court.

---

This is a pro se action brought by Marlene Fearing, Marlene Hall, and Larry Hall (collectively, Plaintiffs)[1] against the City of Lake St. Croix Beach (City) and individuals associated with the City (collectively, City Defendants)[2]; the Lake St. Croix Villas Homeowner's Association (Association) and individuals associated with the Association (collectively, Association Defendants)[3]; and the Washington County District Court.  Plaintiffs assert several claims under federal and state law.  The case is before the Court on the Washington County District Court's Motion to Dismiss, the City Defendants' motion for summary judgment, and the Association Defendants' motion for summary judgment.  For the reasons set forth below, the Court grants the Washington County District Court's motion, grants the City Defendants' motion, and grants in part and denies in part the Association Defendants' motion.

## I.    BACKGROUND

Events underlying this action have been summarized in numerous opinions from federal and state courts.  *E.g.*, *Parr v. Perlinger*, Civ. No. 06-457, 2006 WL 1472622 (D. Minn. May 23,

---

[1]     The Complaint also names Progressive Real Estate, Inc., as a plaintiff.  Fearing signed the Complaint on behalf of Progressive Real Estate in her capacity as its president, and she is not an attorney.  Because a corporation must appear in a federal court through an attorney, Progressive Real Estate has not appeared in this action.  *See, e.g.*, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996); *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993) (per curiam); *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983).  The Court therefore dismisses the Complaint without prejudice as to Progressive Real Estate.  *See Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005); *Steele v. City of Bemidji*, 257 F.3d 902, 905 (8th Cir. 2001); *see also Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 & n.5 (5th Cir. 2004).

[2]     The City Defendants include Robert Swenson and Mary Parr, in their capacities as members or alternate members of the City's Planning Commission, and the City.

[3]     The Association Defendants include all defendants other than the City and the Washington County District Court.  They include the Association, its Board, residents in Lake St. Croix Villas, owners of units in the development, and attorneys associated with certain defendants.

2006); *Fearing v. City of Lake St. Croix Beach*, Civ. No. 04-5127, 2006 WL 695548 (D. Minn. Mar. 17, 2006); *Fearing v. Aymar*, No. A05-1568, 2006 WL 1390448 (Minn. Ct. App. May 23, 2006); *Parr v. Fearing*, No. A04-1191, 2005 WL 626193 (Minn. Ct. App. Mar. 15, 2005) *rev. denied* (Minn. May 17, 2005), *cert. denied*, 126 S. Ct. 486 (2005).  Briefly, companies owned by Fearing developed and marketed a common-interest senior housing development, which is now known as the Lake St. Croix Villas.  The development was "designed for the mature adult," and occupancy was restricted to owners.  Eventually, individuals who did not satisfy the development's age and ownership restrictions bought property or lived in the development. Litigation over control of the Association took place in state court.  As part of that litigation, the state court upheld the Association's restrictions on age and ownership.  Fearing and the Halls maintain that racial discrimination motivated the effort to uphold the Association's restrictions and that the restrictions have been enforced in a racially discriminatory manner.

## II.   DISCUSSION

The Washington County District Court moves to dismiss the Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Where, as here, a party makes a "facial attack" under Rule 12(b)(1), the non-moving party receives the same protections as it would defending against a motion under Rule 12(b)(6).  *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990).  Under Rule 12(b)(6), a court must accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff.  *Midwestern Mach., Inc. v. Nw. Airlines, Inc.*, 167 F.3d 439, 441 (8th Cir. 1999); *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993).  The court is, however, "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."  *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002); *see Westcott v.*

*City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). The court will not dismiss the complaint unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002). The court may consider the complaint, matters of public record, materials necessarily embraced by the complaint, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

The City Defendants and the Association Defendants move for summary judgment. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the party opposing the motion to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**A.      Subject matter jurisdiction**

In the Complaint, Plaintiffs assert that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (2000) (amended 2005).  They also implicitly rely on 28 U.S.C. § 1331 (2000) by asserting that that the action arises under the laws of the United States.

Section 1332 provides in relevant part that district courts have original jurisdiction of all civil actions between citizens of different states.  28 U.S.C. § 1332(a)(1).  It "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Here, the Complaint alleges that Fearing is a citizen of Arizona and that defendants are citizens of Minnesota.  The Complaint does not allege the citizenship of Larry Hall or Marlene Hall.  Consequently, the Complaint fails to establish jurisdiction under section 1332.  *See Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) ("When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties.").

Without regard to the failure to allege the citizenship of Larry Hall and Marlene Hall, the claims made by the Halls in Count I and by Fearing in Counts II through VI are within the Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.  *See Alumax Mill Prods., Inc. v. Congress Fin. Corp.*, 912 F.2d 996, 1003 (8th Cir. 1990).  The Court addresses the jurisdictional issues associated with Count VII in the analysis of that count below.  *See id.*

**B.      Count I**

In Count I of the Complaint, Marlene Hall and Larry Hall assert claims against the Association, Parr, and Robert Swenson under the Fair Housing Act, 42 U.S.C. § 3613 (2000), and under 42 U.S.C. § 1983 (2000) for alleged violations of the Halls' rights under the First

Amendment, Fifth Amendment, and the Fourteenth Amendment.   The Association, Parr, and Robert Swenson argue that the Court lacks subject matter jurisdiction over the Halls' claims pursuant to the *Rooker-Feldman* doctrine,[4] that res judicata bars the Halls' claims, that the Halls' claims under section 1983 fail because they do not relate to action taken under color of law, and that the Halls have no evidence to support their claim under the Fair Housing Act.

    *1.*    *Marlene Hall*

    The Court first considers whether the *Rooker-Feldman* doctrine deprives the Court of jurisdiction over Marlene Hall's claims.  "The basis for the *Rooker/Feldman* doctrine is that, other than in the context of habeas claims, federal district courts are courts of original jurisdiction, and by statute they are precluded from serving as appellate courts to review state court judgments, as that appellate function is reserved to the Supreme Court under 28 U.S.C. § 1257."  *Dornheim v. Sholes*, 430 F.3d 919, 923 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 2031 (2006).  The doctrine "is confined to cases of the kind from which the doctrine acquired its name:  cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005);  *see Lance v. Dennis*, 126 S. Ct. 1198, 1201 (2006) (per curiam) (emphasizing narrowness of *Rooker-Feldman* doctrine).

    In this case, the Association, Parr, and Robert Swenson do not point to any judgment rendered by a state court in an action to which Marlene Hall was a party.  Instead, they argue that the *Rooker-Feldman* doctrine applies to Marlene Hall because she was in privity with a party to an earlier action in state court.  The Court rejects this argument:  "The *Rooker-Feldman* doctrine

---

[4]    The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment." *Lance*, 126 S. Ct. at 1202.

The Association, Parr, and Robert Swenson next argue that res judicata bars Marlene Hall's claims. First, they rely on the state-court judgment in *Parr v. Fearing*. Federal courts must accord the same preclusive effect to a state-court judgment that it would receive in the courts of the state from which the judgment emerged. 28 U.S.C. § 1738 (2000); *Lance*, 126 S. Ct. at 1202; *Exxon Mobil*, 544 U.S. at 293. Under Minnesota law, "[t]he doctrine of res judicata (claim preclusion) bars a claim when litigation on a prior claim involved the same cause of action, there was a judgment on the merits, and the claim involved the same parties or their privies." *Nelson v. Am. Family Ins. Group*, 651 N.W.2d 499, 511 (Minn. 2002). The doctrine applies only if the party against whom it is asserted had a full and fair opportunity to litigate the matter in the prior proceeding. *Id.* "If those requirements are met, res judicata bars not only claims as to matters actually litigated, but also as to every matter that might have been litigated in the prior proceeding." *Id.*

Marlene Hall was not a party in *Parr v. Fearing*, but her husband, Larry Hall, was. Assuming that Marlene Hall was in privity with Larry Hall, *see Sondel v. Northwest Airlines, Inc.*, 56 F.3d 934, 938 (8th Cir. 1995); *Deli v. Hasselmo*, 542 N.W.2d 649, 657-58 (Minn. Ct. App. 1996), the Court nevertheless concludes that *Parr v. Fearing* does not bar Marlene Hall from proceeding here. In entering judgment in that case, the district court stated that Larry Hall had "only recently been served and [had] not actively participated in the litigation as of the date of the hearing." Under these circumstances, the judgment in *Parr v. Fearing* does not bar Marlene Hall from proceeding here. *See State v. Joseph*, 636 N.W.2d 322, 328-29 (Minn. 2001).

The Association, Parr, and Robert Swenson next argue that this Court's judgment in *Fearing v. City of Lake St. Croix Beach* bars Marlene Hall's claims. To resolve this issue, the Court must consider: (1) whether a court of competent jurisdiction rendered the prior judgment; (2) whether the prior judgment was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases. *Banks v. Int'l Union of Elec., Elec., Technical, Salaried & Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004); *Canady v. Allstate Ins. Co.*, 282 F.3d 1005, 1014 (8th Cir. 2002). Marlene Hall was not a party in *Fearing v. City of Lake St. Croix Beach*. According to the Association, Parr, and Robert Swenson, Marlene Hall is in privity with Fearing because Fearing represented Marlene Hall's interests in *Fearing v. City of Lake St. Croix Beach*. This argument is insufficient to demonstrate that Marlene Hall and Fearing were in privity. *See Tyus v. Schoemehl*, 93 F.3d 449, 454-56 (8th Cir. 1996) ("[I]dentity of interests between the two parties is necessary, though not alone sufficient."). Accordingly, the judgment in *Fearing v. City of Lake St. Croix Beach* does not bar Marlene Hall's claims here. *See Lane v. Peterson*, 899 F.2d 737, 744 (8th Cir. 1990).

The Court now considers Marlene Hall's claims under section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Marlene Hall alleges that Parr and Robert Swenson, in their capacities as members of the City's Planning Commission, and the Association deprived Marlene Hall of rights under the First Amendment, Fifth Amendment, and Fourteenth Amendment by refusing to allow her to speak at an Association meeting and subjecting her to fines for violation of the

Association's rules.  The City contends that Parr, Robert Swenson, and the Association did not act under color of state law.

To prevail on a claim under section 1983, a plaintiff must show the defendant caused the deprivation of a federal right while operating under color of state law.  *Scheeler v. City of St. Cloud*, 402 F.3d 826, 830 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 1026 (2006).  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see Roe v. Humke*, 128 F.3d 1213, 1215 (8th Cir. 1997).  "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State.  Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."  *West*, 487 U.S. at 49-50 (citation omitted).  "[U]nder 'color' of law means under 'pretense' of law.  Thus acts of officers in the ambit of their personal pursuits are plainly excluded.  Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it."  *Screws v. United States*, 325 U.S. 91, 111 (1945) (plurality opinion); *see Dossett v. First State Bank*, 399 F.3d 940, 949 (8th Cir. 2005).  "Private action is not converted into state action unless the state, by its law, has compelled the act; mere acquiescence is not enough."  *Reinhart v. City of Brookings*, 84 F.3d 1071, 1073 (8th Cir. 1996).

Here, the record reveals that the City's Planning Commission considers and makes recommendations on zoning and building regulations, land development, drainage, and street improvements.  The Association is a private association that is not affiliated with the City.  The

Planning Commission does not enforce the Association's rules.  There is no evidence in the record that Parr or Robert Swenson exercised power conferred by virtue of their membership on the Planning Commission at Association meetings or in enforcing the Association's rules. Because the Association, Parr, and Robert Swenson did not act under color of state law, the Court dismisses Marlene Hall's claims under section 1983.

Finally, the Court considers Marlene Hall's claim under the Fair Housing Act.  The basis of Marlene Hall's claim is not clear, but the Association, Parr, and Robert Swenson assume that it is 42 U.S.C. § 3604 (2000).  Under section 3604, it is unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin" or "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."  42 U.S.C. § 3604(a)-(b).  According to the Association, Parr, and Robert Swenson, section 3604 does not apply to issues that arise after the purchase of a house.  Because Marlene Hall's claim relates to such issues, the Association, Parr, and Robert Swenson assert that the claim should be dismissed.

In support of their argument, the Association, Parr, and Robert Swenson rely primarily on *Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n*, 388 F.3d 327 (7th Cir. 2004). In that case, the Seventh Circuit held that that section 3604(a)-(b) "is not addressed to post-acquisition discrimination."  *Id.* at 330.  *But see Cox v. City of Dallas*, 430 F.3d 734, 746 (5th Cir. 2005) ("For example, § 3604(b) may encompass the claim of a current owner or renter for attempted and unsuccessful discrimination relating to the initial sale or rental or for actual or constructive eviction."), *cert. denied*, 126 S. Ct. 2039 (2006).  *Halprin* nevertheless

acknowledged that a regulation, 24 C.F.R. § 100.400(c)(2) (2006), issued pursuant to another

section of the Fair Housing Act, 42 U.S.C. § 3617 (2000), forbids interference with enjoyment of

a dwelling:

> So the plaintiffs have no claim under section 3604. And this might seem
> to doom their claim under section 3617 as well, because that section provides
> legal protection only against acts that interfere with one or more of the other
> sections of the Act that are referred to in section 3617, of which the only one even
> remotely relevant to this case is section 3604.
>
> But this conclusion reckons without a regulation issued by the Department
> of Housing and Urban Development that in the name of section 3617 forbids
> among other things "threatening, intimidating or interfering with persons in their
> enjoyment of a dwelling because of the race, color, religion, sex, handicap,
> familial status, or national origin of such persons, or of visitors or associates of
> such persons." The regulation cuts section 3617 loose from section 3604,
> contrary to the language of section 3617. Interference with "enjoyment of a
> dwelling," forbidden by the regulation, is something that can take place after the
> dwelling has been acquired, though we know that section 3604 is not addressed to
> post-acquisition discrimination. The regulation may stray too far from section
> 3617 (which remember is tied, so far as bears on the issues in this case, to section
> 3604) to be valid, though *Gonzalez v. Lee County Housing Authority*, 161 F.3d
> 1290, 1304-05 and n.43 (11th Cir. 1998), the only appellate decision to address
> the issue, holds that it is valid. But the defendants have not challenged the
> regulation's validity and so its possible invalidity has been forfeited as a ground
> upon which we might affirm the district court.

*Halprin*, 388 F.3d at 330 (citation omitted).

Assuming without deciding that the interpretation of section 3604 in *Halprin* is correct,

the Court nevertheless declines to dismiss Marlene Hall's claim. The Association, Parr, and

Robert Swenson have not addressed whether 24 C.F.R. § 100.400(c)(2), the regulation that

forbids interference with one's enjoyment of a dwelling, is valid. The Court therefore declines at

this time to dismiss Marlene Hall's claim under the Fair Housing Act on the ground that the

claim relates to events that took place after the purchase of her home. *See United States v.

Ekberg*, 291 F.2d 913, 921 (8th Cir. 1961) (stating that "one who claims that a regulation is

invalid has the heavy burden of so demonstrating").

One argument relating to Marlene Hall's claim under the Fair Housing Act remains.  The Association, Parr, and Robert Swenson contend that there is no evidence in the record of any discrimination against Marlene Hall on the basis of race.  The Court disagrees.  The Association restricts ownership to individuals who are least 55 years old and occupancy to "two occupants per unit . . . on a permanent basis."  The Halls did not meet the age requirement and had several African-American children living with them.  In an affidavit, Marlene Hall's husband, Larry Hall, states that Parr told the Halls that they would be fined $300 per month for violating the Association's age restriction and $300 per month for violating the Association's occupancy restrictions.  He also states that the Association waived the age and occupancy restrictions for homeowners who had white children.  Viewing the record in the light most favorable to Marlene Hall, a reasonable factfinder could conclude that her enjoyment of her dwelling was interfered with because of the race of her children.  The Court therefore declines to dismiss her claim under the Fair Housing Act at this time.

2.    *Larry Hall*

The analysis of Marlene Hall's claims applies with equal force to those of Larry Hall except that he was named in the Amended Complaint in *Parr v. Fearing* as a defendant.  Accordingly, the Court considers whether the *Rooker-Feldman* doctrine or res judicata bar his claims.

Again, the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284.  The judgment in *Parr v. Fearing* recognized the Association's ability to enforce age and occupancy restrictions.  It did not compel the Association to enforce

the restrictions against Larry Hall.   The Court therefore concludes that Larry Hall is not complaining in this action of injuries caused by the judgment in *Parr v. Fearing*.   *See McCormick v. Braverman*, 451 F.3d 382, 393-94 (6th Cir. 2006) ("[I]f a third party's actions are the product of a state court judgment, then a plaintiff's challenge to those actions are in fact a challenge to the judgment itself."); *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 718-19 (4th Cir. 2006); *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 86-88 (2d Cir. 2005) ("Where a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear.").

The Court turns to whether the state-court judgment in *Parr v. Fearing* bars Larry Hall from proceeding here.   Again, in entering judgment in that case, the district court noted that Larry Hall had "only recently been served and [had] not actively participated in the litigation as of the date of the hearing."   Under these circumstances, the Court concludes that res judicata does not bar Larry Hall from proceeding here.   *See Joseph*, 636 N.W.2d at 328-29.

In short, the Court grants the City Defendants' motion as to Count I.   The Court grants in part and denies in part the Association Defendants' motion as to Count I.   Count I is dismissed insofar as it asserts claims under section 1983.

## C.   Count II

In Count II, Fearing asserts that Kingstad, Parr, Robert Swenson, Arlene Swenson, and the Association violated the Fair Housing Act by retaliating against Fearing.   According to Fearing, the defendants to this count brought suit against her in *Parr v. Fearing* in retaliation for Fearing's defense of the Halls' residence at the Lake St. Croix Villas.   The defendants to this count first argue that the Court lacks jurisdiction over this claim pursuant to the *Rooker-Feldman*

doctrine.   The Court does not perceive that Fearing's retaliation claim complains of injuries caused by the judgment in *Parr v. Fearing*.   Instead, Fearing claims that she was injured by the filing of the action.   *See Todd v. Weltman, Weinberg & Reis Co.*, 434 F.3d 432, 437 (6th Cir.), *cert. denied*, 75 U.S.L.W. 3170 (2006).   Accordingly, the Court rejects the argument that the *Rooker-Feldman* doctrine divests the Court of jurisdiction over Fearing's retaliation claim.

Relying on the judgment in *Fearing v. City of Lake St. Croix Beach*, the defendants to this claim next argue that res judicata bars Fearing from asserting this claim.   A court of competent jurisdiction—this Court—rendered the judgment.   The judgment dismissed the federal claims with prejudice and the state claims without prejudice.   Accordingly, there was a final judgment on the merits.   *See Maher v. GSI Lumonics, Inc.*, 433 F.3d 123, 127 (1st Cir. 2005). The Amended Complaint in *Fearing v. City of Lake St. Croix Beach* alleged that Parr and Robert Swenson retaliated against Fearing by bringing *Parr v. Fearing*.   The Amended Complaint contains several paragraphs that allege acts of reprisal or retaliation against Fearing due to her alleged defense of minorities' residence at the Lake St. Croix Villas.   The Court takes particular note of paragraph 13:

> As alluded to above, ever since Plaintiff sought to assist blacks/minorities move into the Villas, Defendants City, Parr and Swenson have been claiming that the Villas were designated for seniors or 55 and older only.   And have thereby attempted to strip Plaintiff of her land and property interests through court action in state court.

Because the factual allegations underlying Fearing's retaliation claim are the same as those underlying her retaliation claim in *Fearing v. City of Lake St. Croix Beach*, the Court concludes that the same cause of action is involved in both cases.   *See Canady*, 282 F.3d at 1015-16.   As to whether the cases involve the same parties or privies, Fearing, Parr, and Robert Swenson were parties in both cases.   Although Kingstad, Arlene Swenson, and the Association were not parties

to the earlier action, res judicata will apply if they were in privity with a party to the earlier

action.  *See Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 896-97 (8th Cir. 2005).

      With regard to the Association, its interests in *Fearing v. City of Lake St. Croix Beach*

were identical to those of Parr and Robert Swenson.  As noted above, Fearing alleged in that case

that Parr and Robert Swenson retaliated against her by bringing *Parr v. Fearing*.  Parr and

Robert Swenson brought *Parr v. Fearing* on behalf of the Association.  In an affidavit submitted

in opposition to Defendants' motion for summary judgment in *Fearing v. City of Lake St. Croix

Beach*, Fearing asserted that "for years [she had] been in a battle with . . . Defendants Parr and

[Robert] Swenson, City Planners and Homeowner Association Board Members, about allowing

minorities to reside at Lake St. Croix Villas."  Given that Parr and Robert Swenson initiated the

litigation underlying Fearing's retaliation claim on behalf of the Association and that Fearing

characterized her dispute with Parr and Robert Swenson as one arising out of their activities on

behalf of the Association, the Court concludes that the Association had a close relationship,

bordering on near identity, with Parr and Robert Swenson with regard to *Fearing v. City of Lake

St. Croix Beach*.  Viewed in the light most favorable to Fearing, the record reveals that the

Association is in privity with Parr and Robert Swenson for purposes of res judicata.  *See id.* at

897.

      A similar conclusion is warranted with respect to Arlene Swenson.  She joined Parr and

her husband, Robert Swenson, in bringing *Parr v. Fearing* against Fearing.  Arlene Swenson and

Robert Swenson own their residence in the Lake St. Croix Villas.  Given that the same

allegations could be made against her, Arlene Swenson shared Robert Swenson's interests in the

allegations of retaliation made by Fearing in *Fearing v. City of Lake St. Croix Beach*.  Nothing in

the record suggests that Arlene Swenson maneuvered to avoid the effects of *Fearing v. City of*

*Lake St. Croix Beach*. Given the close alignment of Arlene Swenson's interests with those of her husband and her husband's strong incentive to protect her interests, Robert Swenson adequately represented his wife's interests in *Fearing v. City of Lake St. Croix Beach*. *See Tyus*, 93 F.3d 449. Viewed in the light most favorable to Fearing, the record reveals that Arlene Swenson was in privity with her husband, Robert Swenson, for purposes of res judicata. *See Black Clawson Co. v. Kroenert Corp.*, 245 F.3d 759, 764 (8th Cir. 2001).

Finally, Fearing named Kingstad as a defendant by virtue of his representation of Parr and Robert Swenson in *Parr v. Fearing* and *Fearing v. City of Lake St. Croix Beach*. Accordingly, the Court concludes that Kingstad is in privity with Parr and Robert Swenson. *See Plotner v. AT&T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986).

In short, the Court entered a final judgment on the merits in *Fearing v. City of Lake St. Croix Beach*, and that case involved the same cause of action and the same parties or their privies. The Court therefore concludes that res judicata bars Count II insofar as Fearing asserts a retaliation claim.

In Count II, Fearing also asserts a claim under section 1983 against Kingstad, Parr, Robert Swenson, Arlene Swenson, the Association, and the City for deprivations of Fearing's rights secured by the Fifth Amendment and Fourteenth Amendment. The apparent basis of this claim is *Parr v. Fearing*, which Fearing characterizes as "a lawsuit to evict" her for alleged violations of the Fair Housing Act and the Minnesota Common Interest Ownership Act.

As noted above, Parr, Robert Swenson, and Arlene Swenson, represented by Kingstad, brought *Parr v. Fearing* seeking a declaration that the Association's restrictions on age and occupancy comply with the Fair Housing Act and the Minnesota Common Interest Ownership

Act.  A declaratory judgment issued to that effect.  There is no evidence in the record that Parr, Robert Swenson, Arlene Swenson, the Association, or Kingstad acted under color of state law in litigating *Parr v. Fearing*.  The Court therefore dismisses Count II insofar as it alleges claims under section 1983.

**D.     Count III**

In Count III, Fearing asserts a claim under section 1983 for the alleged deprivation by the Washington County District Court, Parr, Robert Swenson, Arlene Swenson, Kingstad, and the Association of Fearing's rights secured by the First Amendment.  Two orders entered in *Parr v. Fearing* form the foundation of this claim.  In the first order, dated November 18, 2003, the Washington County District Court restrained Fearing from interfering with the Association:

> Until further order of this Court, Marlene Fearing . . . shall cease interfering with or attempting to interfere with the management and control of the Lake St. Croix Villas Homeowners' Association.

> It is further ordered that . . . Marlene Fearing . . . [is] restrained and enjoined from calling and holding any special meetings of the Lake St. Croix Homeowners' Association.  Specifically, the meeting purportedly called for November 22, 2003 shall not be held.

The Washington County District Court issued the second order, dated October 7, 2004, after Fearing had sent a letter, dated June 15, 2004, to residents of the Lake St. Croix Villas and members of the Association.  The Washington County District Court found that Fearing had violated the November 18 Order by sending the June 15 letter; concluded that the November 18 Order did not violate Fearing's rights under the First Amendment and that Fearing's violation constituted constructive civil contempt of court; and ordered Fearing to serve thirty days in the Washington County Jail.  The Washington County District Court stayed execution of the sentence, provided that Fearing paid attorney fees and costs associated with bringing the motion

and otherwise complied with the November 18 order.  After Fearing refused to pay the attorney fees and costs, the Washington County District Court executed the sentence.

The factual recitation above reveals that the Court lacks jurisdiction over Count III pursuant to the *Rooker-Feldman* doctrine.  Fearing lost in state court, a state-court judgment produced the injuries of which she now complains, and the judgment was rendered before Fearing commenced this action.  *See Tell v. Tell*, 383 N.W.2d 678, 685 (Minn. 1986).  Fearing now asks this Court to review and reject the Washington County District Court's judgment.  The Court has no jurisdiction to do so.  *See Exxon Mobil*, 544 U.S. at 284; *Dornheim v. Sholes*, 430 F.3d at 923-24.  Accordingly, the Court dismisses Count III.

Even if the *Rooker-Feldman* doctrine did not bar this claim, the Court would dismiss the claim against the Washington County District Court.  The Washington County District Court asserts that the Eleventh Amendment deprives the Court of jurisdiction over claims against it under section 1983.  Moreover, the Washington County District Court argues that it is not a "person" subject to suit under section 1983.  The Court agrees with the Washington County District Court's arguments.  *See Clark v. Clark*, 984 F.2d 272, 272 (8th Cir. 1993); *Mildfelt v. Circuit Court of Jackson County, Mo.*, 827 F.2d 343, 345 (8th Cir. 1987) (per curiam); *Harris v. Mo. Court of Appeals*, 787 F.2d 427, 429 (8th Cir. 1986).

E.      **Count IV**

In Count IV, Fearing asserts a claim under section 1983 against the Washington County District Court, Tony Thooft, and David Magnuson for the alleged deprivation her "right of property under the Fifth Amendment."  In support, Fearing alleges that Thooft and Magnuson refused to allow her to vote at meetings of the Association in 2004 and 2005 notwithstanding her alleged ownership of Lot 13 in the Lake St. Croix Villas.

Magnuson and Thooft first argue that the Court lacks jurisdiction over the claim pursuant to the *Rooker-Feldman* doctrine. The basis of Magnuson and Thooft's contention is the judgment rendered in *Parr v. Fearing*. Nothing in that judgment produced the alleged denial of Fearing's ability to vote at meetings of the Association. *See McCormick*, 451 F.3d at 393-94; *Davani*, 434 F.3d at 718-19; *Hoblock*, 422 F.3d at 86-88. Accordingly, the Court rejects Magnuson and Thooft's contention that the *Rooker-Feldman* doctrine deprives the Court of jurisdiction over Count IV.

As to the merits of Fearing's claim, the Association's bylaws specify who may exercise voting rights at meetings of the Association. "Every Owner of a Lot which is subject to assessment shall be a member of the Association," and "[p]ersons or entities who hold an interest merely as security for the performance of an obligation shall not be considered Owners." Members have voting rights. Here, Fearing did not own Lot 13 in 2004 or 2005. *Fearing v. Aymar*, 2006 WL 1390448, at *1. Since 2002, her only interest in the property has been an equitable mortgage. *Id.* Because Fearing did not own Lot 13 in 2004 or 2005,[5] she was not deprived of any protected property interest at the Association's meetings in 2004 or 2005. *See Ellis v. City of Yankton*, 69 F.3d 915, 917 (8th Cir. 1995) ("Protected property interests are created by state law, but federal law determines whether the interest rises to the level of a constitutionally-protected property interest."). Moreover, with regard to the Washington County District Court, the claim fails for the reasons set forth above. *See Clark*, 984 F.2d at 272; *Mildfelt*, 827 F.2d at 345; *Harris*, 787 F.2d at 429. For these reasons, the Court dismisses Count IV.

---

[5]     In light of the final judgment rendered in *Fearing v. Aymar*, Fearing cannot relitigate in this case the issue of whether she owned Lot 13. *See Aufderhar v. Data Dispatch, Inc.*, 452 N.W.2d 648, 650 (Minn. 1990) (listing requirements of collateral estoppel).

**F.      Count V**

In Count V, Fearing alleges that the Association, Parr, Robert Swenson, Arlene Swenson,[6] and Kingstad violated the Fair Housing Act and state law by permitting individuals under the age of fifty-five to own property or reside in the Lake St. Croix Villas notwithstanding the judgment in *Parr v. Fearing*.  Fearing names Brian Williams, Terry Williams, Bobbie Carey, Tony Thooft, Marco Ironi, Aaron Schwinn, and Heather Schwinn as individuals who improperly own property or live in the Lake St. Croix Villas.

The Association, Parr, Robert Swenson, Arlene Swenson, and Kingstad first argue that the Court lacks jurisdiction over this claim pursuant to the *Rooker-Feldman* doctrine.  In support, they rely on the judgment in *Parr v. Fearing*.  As noted above, the judgment in that case recognized the Association's ability to enforce age and occupancy restrictions.  Nothing in that judgment produced the injuries of which Fearing complains in Count V.  Instead, Fearing's injuries arise from manner of enforcing the Association's age and occupancy restrictions. Accordingly, the Court rejects the contention that the *Rooker-Feldman* doctrine precludes the Court from exercising jurisdiction over Count V.  *See Davani*, 434 F.3d at 719; *Hoblock*, 422 F.3d at 87-88.

The Association, Parr, Robert Swenson, Arlene Swenson, and Kingstad next argue that res judicata bars this claim.  To support this argument, they again rely on the judgment in *Parr v. Fearing*.  In that case, the district court recognized that several units in the Lake St. Croix Villas were owned or occupied by individuals less than fifty-five years old, including, among others, Brian Williams, Terry Williams, Thooft, Ironi, Aaron Schwinn, and Heather Schwinn.  Fearing's failure to guide the Association in accordance with its age and occupancy restrictions led the

---

[6]      Fearing names "Swenson" as a defendant in this count.  For present purposes, the Court assumes she asserts the claim against Robert Swenson and Arlene Swenson.

district court to conclude that she was estopped from disputing the Association's compliance with the Fair Housing Act. *Parr v. Fearing*, 2005 WL 626193, at *4. On appeal, Fearing did not challenge the district court's application of estoppel. *Id.* In affirming, the Minnesota Court of Appeal also concluded that "because Fearing failed to enforce the restrictive covenants, she is also estopped from gaining advantage by claiming that the development may now have less than 80% occupancy by older persons." *Id.*

As noted above, Minnesota law provides that "[t]he doctrine of res judicata (claim preclusion) bars a claim when litigation on a prior claim involved the same cause of action, there was a judgment on the merits, and the claim involved the same parties or their privies." *Nelson*, 651 N.W.2d at 511. Count V and *Parr v. Fearing* involved the same parties or their privies, and there was a final judgment in *Parr v. Fearing*. Moreover, Count V and *Parr v. Fearing* involve the same cause of action. Accordingly, the Court concludes that res judicata bars Fearing from pursuing Count V in this case.

**G.      Count VI**

In Count VI, Fearing claims that Parr, acting as an agent of the City and in her capacity as president of the Association, cut down signs in November 2003 that Fearing and Progressive Real Estate owned. Having previously dismissed claims by companies owned by Fearing based on Parr's destruction of the signs in November 2003, *see Fearing v. City of Lake St. Croix Beach*, 2006 WL 695548, at *8, the Court concludes that Fearing's claim is barred by res judicata.

First, a court of competent jurisdiction—this Court—rendered the judgment in *Fearing v. City of Lake St. Croix Beach*. Second, the judgment in that case was a final judgment on the merits. *See Dicken v. Ashcroft*, 972 F.2d 231, 233 n.5 (8th Cir. 1992) ("It is well established that

summary judgment is a final judgment on the merits for purpose of *res judicata*.").  Third, with regard to Parr's alleged destruction of signs in November 2003, this case and *Fearing v. City of Lake St. Croix Beach* involve the same parties and the same cause of action.  *See Banks*, 390 F.3d at 1052-53; *Friez v. First Am. Bank & Trust of Minot*, 324 F.3d 580, 581-82 (8th Cir. 2003). Accordingly, the Court concludes that res judicata bars Fearing's claim based on Parr's alleged destruction of signs in November 2003.

Fearing also alleges that the City refused to prosecute Parr for the alleged destruction of the signs.  Because Fearing lacks standing to assert this claim, the Court dismisses it.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 & n.6 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Johnson v. City of Evanston*, 250 F.3d 560, 563 (7th Cir. 2001) (holding plaintiff lacked standing to complain about refusal to prosecute another).

## H.      Count VII

In Count  VII, Fearing asserts that Robert Swenson assaulted her on July 7, 2003, and January 20, 2005, by attempting to hit her with his car.  She also claims that the City failed to charge him with assault.

Fearing lacks standing to complain about the alleged failure to prosecute Robert Swenson.  *See Linda R.S.*, 410 U.S. 614 at 619 & n.6; *Johnson*, 250 F.3d at 563.  The Court therefore dismisses this part of Count VII.

As to the assault claims, Fearing relies on section 1332 as the jurisdictional basis. "Whether diversity of citizenship exists is determined at the time suit is filed—not when the cause of action arose."  *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "Citizenship is determined by a person's physical presence in a state along with  his intent to

remain there indefinitely.  Once an individual has established his state of citizenship, he remains a citizen of that state until he legally acquires a new state of citizenship." *Id.* at 768-69 (citation omitted).  An allegation of residence is not the equivalent of an allegation of citizenship. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

Here, Fearing was a citizen of Minnesota as of October 2005.  *Parr v. Perlinger*, 2006 WL 1472622, at *5.  At the motion hearing, Fearing began her argument by asserting that she was living "in exile."  Asked at the end of the motion hearing about her allegation of citizenship in the complaint, Fearing stated that she lived in Arizona "mostly," but that she has "basically been on the move" to protect herself.  She continued that her residence is in Arizona, but that she moves "in and out."  Fearing's statements at the motion hearing lead the Court to conclude that she has not established a new domicile in Arizona.  Because she remained a citizen of Minnesota when this action commenced, the Court concludes that jurisdiction under section 1332 does not exist.  *See Osborn*, 918 F.2d at 728-30.  The Court therefore dismisses the assault claim in Count VII.

### III.   CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.   The Washington County District Court's Motion to Dismiss [Docket No. 7] is GRANTED.

2.   The City Defendants' motion for summary judgment [Docket No. 13] is GRANTED.

3.   The Association Defendants' motion for summary judgment [Docket No. 20] is GRANTED IN PART AND DENIED IN PART.

4.   The Complaint is DISMISSED WITHOUT PREJUDICE insofar as it asserts claims on behalf of Progressive Real Estate.

5.      Count I of the Complaint is DISMISSED insofar as it asserts claims under 42 U.S.C. § 1983.

6.      Count II is DISMISSED.

7.      Count III is DISMISSED for lack of subject matter jurisdiction.

8.      Count IV is DISMISSED.

9.      Count V is DISMISSED.

10.     Count VI is DISMISSED for lack of subject matter jurisdiction insofar as it asserts a claim for failure to prosecute.   Count VI is otherwise DISMISSED.

11.     Count VII is DISMISSED for lack of subject matter jurisdiction.

Dated:  November 8, 2006

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge