UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marlene Fearing; Progressive Real Estate, Inc.;
Marlene Hall; and Larry Hall,

      Plaintiffs,

v.

Lake St. Croix Villas Homeowner's Association;
Mary Parr; Robert Swenson; Arlene Swenson;
Gary DeMott, personally and as President and
Director of Homeowner's Association; Judy
DeMott; Tony Thooft, personally and as Director
of Homeowner's Association; Bobbie Carrey;
Marco Ironi; Aaron Schwinn; Heather Schwinn;
Brian Williams, personally and as Director of
Homeowner's Association; Terry Williams; Jon
Erik Kingstad, Esq.; David T. Magnuson, Esq.;
City of Lake St. Croix Beach; and Washington
County District Court,

      Defendants.

Civil No. 06-456 (JNE/JJG)
ORDER

    This case is before the Court on a Motion for Sanctions filed by several defendants (Moving Defendants). The Moving Defendants include all defendants except the City of Lake St. Croix Beach (City) and the Washington County District Court. They seek sanctions against Marlene Fearing under Rule 11 of the Federal Rules of Civil Procedure. Fearing, Marlene Hall, and Larry Hall also move for sanctions under Rule 11. For the reasons set forth below, the Court grants in part and denies in part the Moving Defendants' motion. The Court denies the motion filed by Fearing and the Halls.

    Events underlying this action have been summarized in numerous opinions from federal and state courts. *E.g.*, *Fearing v. Lake St. Croix Villas Homeowner's Ass'n*, Civ. No. 06-456, 2006 WL 3231970 (D. Minn. Nov. 8, 2006); *Parr v. Perlinger*, Civ. No. 06-457, 2006 WL 1472622 (D. Minn. May 23, 2006); *Fearing v. City of Lake St. Croix Beach*, Civ. No. 04-5127,

1

2006 WL 695548 (D. Minn. Mar. 17, 2006); *Fearing v. Aymar*, No. A05-1568, 2006 WL 1390448 (Minn. Ct. App. May 23, 2006); *Parr v. Fearing*, No. A04-1191, 2005 WL 626193 (Minn. Ct. App. Mar. 15, 2005). Briefly, companies owned by Fearing developed and marketed a common-interest senior housing development, which is now known as the Lake St. Croix Villas. The development was "designed for the mature adult," and occupancy was restricted to owners. Eventually, individuals who did not satisfy the development's age and ownership restrictions bought property or lived in the development. Litigation over control of the Lake St. Croix Villas Homeowner's Association (Association) and the validity of the its age and ownership restrictions followed in state court. *See Parr v. Fearing*, 2005 WL 626193, at *1-3.

In June 2003, the Washington County District Court ordered that a meeting of the Association be held the following month. At the meeting, Fearing was replaced as the Association's president. On November 18, 2003, the Washington County District Court restrained Fearing from interfering with the Association:

> Until further order of this Court, Marlene Fearing . . . shall cease interfering with or attempting to interfere with the management and control of the Lake St. Croix Villas Homeowners' Association.
>
> It is further ordered that . . . Marlene Fearing . . . [is] restrained and enjoined from calling and holding any special meetings of the Lake St. Croix Homeowners' Association. Specifically, the meeting purportedly called for November 22, 2003 shall not be held.

In a letter dated June 15, 2004, Fearing told residents of the Lake St. Croix Villas and members of the Association that she "will do what [she] can to quash the Association" and that the Association's rules are not binding. Fearing also called for an emergency meeting "to discuss how to eradicate this mess." On October 7, 2004, the Washington County District Court found that Fearing had violated the November 18 Order by sending the June 15 letter; concluded that Fearing's violation constituted constructive civil contempt of court; and ordered Fearing to serve

thirty days in the Washington County Jail. The Washington County District Court stayed execution of the sentence, provided that Fearing paid attorney fees and costs and otherwise complied with the November 18 order. Fearing did not pay the fees and costs, and the Washington County District Court executed the sentence.

In the meantime, on April 30, 2004, the Washington County District Court declared that the Association's restrictions on age and occupancy comply with the Fair Housing Act, the Minnesota Common Interest Ownership Act, and the Minnesota Human Rights Act. The Minnesota Court of Appeals affirmed. *Parr v. Fearing*, 2005 WL 626193, at *3-5.

While her appeal before the Minnesota Court of Appeals was pending, Fearing and several companies she owns commenced an action in this Court against the City, Mary Parr, Robert Swenson, and Linda O'Donnell. *See Fearing v. City of Lake St. Croix Beach*, 2006 WL 695548. After directing Fearing and her companies to clarify their claims, the Court concluded on March 17, 2006, that M.A. Fearing Companies, Inc.'s takings claim against the City was barred by res judicata based on a settlement between M.A. Fearing Companies and the City in 1996; that O'Donnell's alleged refusal to issue building permits to M.A. Fearing Companies and Progressive Real Estate, Inc., did not deprive them of any rights protected by law because they were not proper applicants; that Robert Swenson's alleged destruction of wildflowers did not deprive Progressive Real Estate or M.A. Fearing Companies of rights protected by federal law because neither company had a constitutionally-protected property interest in the lots where the wildflowers grew; and that Parr did not act under color of state law when she cut down signs allegedly owned by Progressive Real Estate and M.A. Fearing Companies. *Id.* at *2-8. The Court declined to exercise supplemental jurisdiction over the state-law claims. *Id.* at *9.

Approximately six weeks before the March 17 Order issued in *Fearing v. City of Lake St. Croix Beach*, Fearing removed *Parr v. Perlinger*[1] from the Washington County District Court less than four weeks before it was set for trial. 2006 WL 1472622, at *4. After concluding that the removal was improper, the Court remanded *Parr v. Perlinger* to the Washington County District Court. *Id.* at *2.

On the same day that Fearing removed *Parr v. Perlinger*, this action commenced. By Order dated November 8, 2006, the Court dismissed all claims asserted by Progressive Real Estate because Fearing, who is not an attorney, signed the Complaint on its behalf in her capacity as its president. The Court also dismissed all claims asserted by Fearing. The Court concluded that res judicata barred her retaliation claim under the Fair Housing Act; that Fearing had not demonstrated state action necessary to prove her claim under section 1983 for alleged deprivations of rights secured by the Fifth Amendment and Fourteenth Amendment; that the *Rooker-Feldman* doctrine barred her claim under section 1983 for alleged violations of her First Amendment rights; that the Eleventh Amendment barred her claims against the Washington County District Court; that she was not deprived of any protected property interest at the Association's meetings in 2004 and 2005 because she did not own a lot in the Lake St. Croix Villas; that res judicata barred her claim based on the Association's alleged failure to enforce its age and occupancy restrictions; that res judicata barred her claim arising out of Parr's alleged destruction of signs in November 2003; that Fearing lacked standing to complain about the City's alleged failure to prosecute Parr for the signs' destruction; that Fearing lacked standing to complain about the failure to prosecute Robert Swenson for an alleged assault; and that Fearing failed to demonstrate that the Court had subject matter jurisdiction over the assault claim.

---

[1] After service of the Second Amended Complaint in *Parr v. Fearing*, Fearing removed the action to this Court. The removal yielded *Parr v. Perlinger*. 2006 WL 1472622, at *2-3.

*Fearing v. Lake St. Croix Villas Homeowner's Ass'n*, 2006 WL 3231970, at *7-13. Fearing appealed the November 8 Order. The United States Court of Appeals for the Eighth Circuit dismissed the appeal because "the order appealed from is not an appealable order."

*The Moving Defendants' motion*

The Moving Defendants seek a restriction on Fearing's ability to file further actions and an award of attorney fees and costs based on Fearing's alleged violations of Rule 11. That rule provides in relevant part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading . . . an . . . unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]
>
> (2) the claims . . . therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]

Fed. R. Civ. P. 11(b). A court applies an "objective reasonableness" standard to determine whether the pleading was frivolous, groundless, or advanced for an improper purpose. *Norsyn, Inc. v. Desai*, 351 F.3d 825, 831 (8th Cir. 2003); *Isakson v. First Nat'l Bank*, 985 F.2d 984, 986 (8th Cir. 1993) (per curiam).

Here, the Court finds that Fearing presented claims not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law, and that Fearing brought claims to harass the defendants. Fearing persisted in advancing claims barred by judgments issued by state and federal courts. She brought claims barred by the Eleventh Amendment, and she lacked standing to assert others. She attempted to assert claims on behalf of a corporation despite the fact that she is not an

attorney. Under the circumstances of this case, sanctions are appropriate. *See Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987) ("We recognize that pro se complaints are read liberally, but they still may be frivolous if filed in the face of previous dismissals involving the exact same parties under the same legal theories."); *cf. Prof'l Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030, 1033 (8th Cir. 2003) (per curiam) ("[W]e have held a district court abuses its discretion by refusing to sanction a plaintiff and his counsel under Rule 11 for filing and maintaining a frivolous lawsuit when the plaintiff seeks to relitigate claims he had been denied to serve against the same defendant in an earlier lawsuit.").

"A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). A district court should "consider the level of punishment necessary to adequately deter the undesirable conduct," but need not apply the least severe sanction. *Pope v. Fed. Express Corp.*, 49 F.3d 1327, 1328 (8th Cir. 1995).

The Court concludes that a restriction on Fearing's ability to commence litigation in this Court is appropriate. Fearing has repeatedly expressed her willingness to persist in advancing claims that are plainly barred or are otherwise unwarranted. For example, she submitted a 14-page fax to the undersigned's chambers in October 2006. The document, titled "Plaintiff's Motion for Sanctions and Fees Pursurant [sic] to Rule 11 and Local Rule 1.3," includes an unsworn memorandum replete with factual assertions regarding Fearing's disputes associated with the Lake St. Croix Villas' development and the Association. In the memorandum, Fearing refers to the defendants' invocation of collateral estoppel and res judicata as "the same rhetoric that has worked for them in the past." Fearing also states in bold and underlined text that "until the hatred for minorities is eradicated, there will be no peace in that valley." In bold text,

Fearing writes that she "will continue to have [her] day in court, so long as [her] Constitutional Rights are violated by the Defendants." Although Fearing did not file the 14-page document,[2] it indicates that restrictions on her ability to litigate in this Court are necessary to prevent abusive or frivolous filings. Similarly, Fearing's opposition to the Moving Defendants' motion provides another indication of the necessity of restrictions on Fearing. In it, she writes that she "remain[s] adamant that 'res judicata' does not apply." Given Fearing's pursuit here of claims plainly barred or otherwise unwarranted and her willingness to persist in advancing such claims, the Court concludes that a restriction on Fearing's ability to commence litigation in this Court is appropriate. *See Zatko v. California*, 502 U.S. 16, 17 (1991) (per curiam) (stating "goal of fairly dispensing justice 'is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests'"); *In re Tyler*, 839 F.2d 1290, 1290-91 (8th Cir. 1988) (per curiam) (affirming district court's imposition of restrictions on ability to commence lawsuit); *Kurkowski*, 819 F.2d at 204 ("Rule 11 was adopted to spare innocent parties and overburdened courts from the filing of frivolous lawsuits. Another purpose is to deter plaintiffs from bringing actions that lack in factual or legal support."). Specifically, Fearing shall not bring an action in this Court based on the allegations contained in this case's Complaint against any of the defendants in this case unless (1) the complaint in the new action contains the signature of an attorney admitted to practice before this Court or (2) a district judge or magistrate judge of this Court authorizes Fearing to file the new complaint pro se.

The allegations made in this case's Complaint include, but are not limited to, Fearing's assertions that *Parr v. Fearing* was brought against her in retaliation for Fearing's defense of the Halls' residence at the Lake St. Croix Villas, that orders issued in *Parr v. Fearing* violated her

---

[2] The October 2006 fax will be docketed.

7

rights under the First Amendment, that her property rights were violated by the denial of her right to vote at Association meetings in 2004 and 2005, that the Association's age and occupancy restrictions are being violated, that Parr destroyed marketing signs in November 2003, and that Robert Swenson assaulted her in 2003 and 2005.  Fearing must obtain counsel or judicial authorization to proceed pro se before bringing an action in this Court based on these allegations—or the Complaint's remaining allegations—against any of the defendants.

The Court turns to the Moving Defendants' request for fees and costs.  An award of attorney fees and costs can be an effective deterrent.  *See Landscape Props., Inc. v. Whisenhunt*, 127 F.3d 678, 685 (8th Cir. 1997).  In light of the restriction imposed on Fearing's ability to commence litigation in this Court and Fearing's filing for bankruptcy in 2006, the Court declines to award fees and costs to the Moving Defendants at this time.  *Cf. Willhite v. Collins*, 459 F.3d 866, 870 (8th Cir. 2006) (noting district court's failure to investigate litigant's ability to pay monetary sanction).

*Fearing and the Halls' motion*

Fearing and the Halls move for sanctions under Rule 11.  They request "compensation" in the amount of $12,500 for costs related to responding to the Moving Defendants' motion.  Fearing and the Halls failed to comply with Rule 11(c)(1)(A).  *See Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029-30 (8th Cir. 2003).  Moreover, they are not entitled to attorney fees.  *See White v. Armontrout*, 29 F.3d 357, 361-62 (8th Cir. 1994).  Accordingly, the Court denies Fearing and the Halls' motion.

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Moving Defendants' motion for sanctions [Docket No. 47] is GRANTED IN PART and DENIED IN PART.

2. Fearing and the Halls' motion for sanctions [Docket No. 56] is DENIED.

3. Fearing, and anyone acting in concert or cooperation with her, shall not bring an action in this Court based on the allegations in this case's Complaint against any of the defendants in this case unless (1) the complaint in the new action contains the signature of an attorney admitted to practice before this Court or (2) a district judge or magistrate judge of this Court authorizes Fearing to file the new complaint pro se.

Dated: May 9, 2007

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge