UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marlene Fearing, Progressive Real Estate, Inc.,
Marlene Hall, and Larry Hall,

      Plaintiffs,

v.	Civil No. 06-456 (JNE/JJG)
    ORDER

Lake St. Croix Villa Homeowner's Association,
Mary Parr, Robert Swenson, Arlene Swenson,
Gary DeMott, Judy DeMott, Tony Thooft,
Bobbie Carrey, Marco Ironi, Aaron Schwinn,
Heather Schwinn, Brian Williams, Terry
Williams, Jon Erik Kingstad, David T. Magnuson,
City of Lake St. Croix Beach, and Washington
County District Court,

      Defendants.

In Orders dated November 8, 2006, and December 19, 2007, the Court dismissed Plaintiffs' claims. The case is before the Court on the Lake St. Croix Villa Homeowner's Association (Association), Mary Parr, and Robert Swenson's Motion for Costs and Attorney Fees. For the reasons set forth below, the Court grants in part and denies in part the motion.

### I.    Fees under 42 U.S.C. §§ 1988, 3613

The Association, Parr, and Swenson claim that they should be awarded attorney fees and costs under 42 U.S.C. §§ 1988, 3613 (2000) because they are "prevailing parties." Section 1988(b) states that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Section 3613(c)(2) provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee and costs." The meaning of "prevailing party" is the same in both sections. *Oxford House-A v. City of Univ. City*, 87 F.3d 1022, 1024 (8th Cir. 1996). "To obtain prevailing party status, a defendant must be able to point to a judicial declaration to its benefit. This might be an order granting a defendant's motion for

summary judgment on the merits." *Marquart v. Lodge 837, Int'l Ass'n of Machinists & Aerospace Workers*, 26 F.3d 842, 852 (8th Cir. 1994); *cf. Flowers v. Jefferson Hosp. Ass'n*, 49 F.3d 391, 392 (8th Cir. 1995) (per curiam) (applying standards for awards of attorney fees under Title VII to awards under section 1988). "A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983); *see Dillon v. Brown County*, 380 F.3d 360, 365 (8th Cir. 2004); *Flowers*, 49 F.3d at 392.

The Court first considers whether the Association, Parr, and Swenson may recover attorney fees from Marlene Fearing. On November 8, 2006, the Court dismissed Fearing's claims under the Fair Housing Act and 42 U.S.C. § 1983 (2000) on the grounds of res judicata, lack of subject matter jurisdiction, and lack of evidence. The Association, Parr, and Swenson are not "prevailing parties" on claims dismissed because of res judicata or lack of subject matter jurisdiction. *See Marquart*, 26 F.3d at 851-52; *Keene Corp. v. Cass*, 908 F.2d 293, 298 (8th Cir. 1990); *Chester v. St. Louis Hous. Auth.*, 873 F.2d 207, 208-09 (8th Cir. 1989). As to the claims dismissed for lack of evidence, the Court concludes that the Association, Parr, and Swenson are prevailing parties. *See Marquart*, 26 F.3d at 852. Fearing's conduct in this litigation, summarized in an Order dated May 9, 2007, persuades the Court that these claims were vexatious, frivolous, or brought to harass the Association, Parr, and Swenson. The Court therefore concludes that the Association, Parr, and Swenson may recover attorney fees from Fearing.

The Court turns to whether the Association, Parr, and Swenson may recover fees from Marlene Hall or Larry Hall. On November 8, 2006, the Court dismissed the Halls' claims under section 1983 against the Association, Parr, and Swenson because there was no evidence that the

Association, Parr, or Swenson acted under color of state law.  The Halls' claims under the Fair Housing Act survived the defendants' motion for summary judgment.  After unsuccessful attempts to appeal to the Eighth Circuit, to obtain a judgment under Rule 54(b) of the Federal Rules of Civil Procedure, and to dismiss their Fair Housing Act claims without prejudice, the Halls moved to dismiss their remaining claims with prejudice.  On December 19, 2007, the Court granted their motion and dismissed their Fair Housing Act claims with prejudice.  The Court concludes that the Association, Parr, and Swenson are prevailing parties on the Halls' section 1983 claims and that they are not prevailing parties on the Halls' Fair Housing Act claims.  *See Marquart*, 26 F.3d at 852.  Nevertheless, the Association, Parr, and Swenson have not demonstrated that the Halls' section 1983 claims were vexatious, frivolous, or brought to harass them.  The Court therefore concludes that the Association, Parr, and Swenson cannot recover attorney fees from the Halls.

Having concluded that the Association, Parr, and Swenson may recover attorney fees from Fearing, the Court considers the amount to be awarded.  *See Hensley*, 461 U.S. at 433-34.  In an affidavit dated November 28, 2006, counsel for the Association, Parr, and Swenson describes almost fifty-nine hours worked through November 2006.  The affidavit contains six entries.  The first includes one hour worked on one day and relates to a motion for sanctions.  The second includes approximately ten hours worked on four days; the hours are described as legal research, preparation of a motion to dismiss, a responsive pleading, and a motion for sanctions, and a conference with counsel for other defendants.  The third includes 0.08 hours worked on one day and is described as a telephone conference with counsel for other defendants.  The fourth includes approximately forty-three hours worked on eight days; these hours relate to preparation of a motion for judgment on the pleadings or for summary judgment.  The fifth

includes three hours worked on four days; the hours relate to preparation of a motion for sanctions. The sixth includes one hour for a hearing in December 2006 that did not take place. Obviously, the Court excludes the hour in the sixth entry.

The first four entries include hours that relate to the Halls' claims. The affidavit's vague descriptions do not permit the Court to distinguish hours devoted to Fearing's claims from those devoted to the Halls' claims. To exclude hours devoted to the Halls' claims, the Court reduces the hours in the first four entries by 25%. *See Hensley*, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). The vague descriptions and the aggregation of several days into a single entry also inhibit the Court from discerning the reasonable number of hours devoted to the claims for which the Association, Parr, and Swenson are prevailing parties. To eliminate hours devoted to Fearing's claims for which the Association, Parr, and Swenson are not prevailing parties, the Court reduces the remaining hours in the first four entries by 75%. The reduced hours of the first four entries and the hours in the fifth entry total approximately 13.25 hours.

An entry in an affidavit dated January 18, 2008, and submitted by counsel for the Association, Parr, and Swenson is also relevant to their attempt to recover fees from Fearing. The entry states that counsel spent eight hours on January 16, 17, and 18 preparing and filing the present motion. Again, the aggregation of hours on several days and the vague description impedes calculation of the number of hours devoted to Fearing's claims. The Court reduces the number of hours on January 16, 17, and 18 by 50%.

In short, the Court awards attorney fees based on approximately 17.25 hours. Counsel's billing rate of $150 per hour is reasonable. The Court therefore concludes that Fearing shall pay $2,589 in attorney fees to the Association, Parr, and Swenson.

## II.     Rule 37

The Association, Parr, and Swenson assert that they should recover fees and costs from the Halls because the Halls failed to appear at depositions.  *See* Fed. R. Civ. P. 37.  On November 21, 2007, the Court ordered the Halls to submit to depositions on or before December 21, 2007.  The Association, Parr, and Swenson scheduled the Halls' depositions on December 7.  Two days before the scheduled depositions, Mr. Hall informed counsel for the Association, Parr, and Swenson that the Halls intended to file a motion to dismiss.  Mr. Hall asked counsel to cancel his deposition.  Counsel declined but stated that the Halls could dismiss their claims.  The next day, the Halls filed a motion to dismiss their claims with prejudice.  Counsel received the motion the same day.  The Halls did not appear at their depositions on December 7.  Later, the Court granted their motion.  Under the facts and circumstances of this case, the Court concludes that an award of expenses would be unjust.  *See* Fed. R. Civ. P. 37(b)(2)(C), (d)(3).  The Court therefore denies the Association, Parr, and Swenson's motion insofar as it seeks to recover fees and costs due to the Halls' failure to appear at depositions.

## III.    Costs

The Association, Parr, and Swenson seek to recover costs for copying, scanning, and mailing charges.  They may attempt to recover these costs by submitting a bill of costs in accord with this District's practice.

## IV.    Conclusion

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.   The Association, Parr, and Swenson's Motion for Costs and Attorney Fees [Docket No. 113] is GRANTED IN PART and DENIED IN PART.

5

2. Attorney fees in the amount of $2,589 are awarded in favor of the Association, Parr, and Swenson, and against Fearing.

Dated:  March 12, 2008

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge